1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
4  ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
   Assistant United States Attorneys
5  Major Frauds Section
       1100 United States Courthouse
6      312 North Spring Street
       Los Angeles, California 90012
7      Telephone: (213) 894-1259/2435
       Facsimile: (213) 894-6269
8      E-mail:    alexander.schwab@usdoj.gov
                  alex.wyman@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. CR 2:20-cr-00233-PSG

14          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                     DERRICK YISHIN CHANG
15          v.

16 DERRICK YISHIN CHANG,

17          Defendant.

18

19      1.   This constitutes the plea agreement between defendant

20 DERRICK YISHIN CHANG ("defendant") and the United States Attorney's

21 Office for the Central District of California ("the USAO") in the

22 investigation of illegal kickbacks being provided by suppliers to

23 executives of HCT Packaging, Inc.  This agreement is limited to the

24 USAO and cannot bind any other federal, state, local, or foreign

25 prosecuting, enforcement, administrative, or regulatory authority.

26 //

27 //

28 //

FILED
CLERK, U.S. DISTRICT COURT

JUN 18 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 371.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime or act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Make restitution in accordance with the Court's order.

i.   Authorize the USAO to obtain a credit report immediately upon defendant's entry of a guilty plea.

1          j.     Consent to the USAO inspecting and copying all of

2     defendant's financial documents and financial information held by the

3     United States Probation and Pretrial Services Office.

4          k.     Agree that all court appearances, including his change

5     of plea hearing and sentencing hearing, may proceed by video-

6     teleconference ("VTC") or telephone, if VTC is not reasonably

7     available, so long as such appearances are authorized by General

8     Order 20-043 or another order, rule, or statute.  Defendant

9     understands that, under the Constitution, the United States Code, the

10    Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),

11    he may have the right to be physically present at these hearings.

12    Defendant understands that right and, after consulting with counsel,

13    voluntarily agrees to waive it and to proceed remotely.  Defense

14    counsel also joins in this consent, agreement, and waiver.

15    Specifically, this agreement includes, but is not limited to, the

16    following:

17          i.     Defendant consents under Federal Rules of

18    Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES

19    Act to proceed with his initial appearance and arraignment by VTC or

20    telephone, if VTC is not reasonably available.

21          ii.    Defendant consents under Section 15002(b) of the

22    CARES Act to proceed with his waiver of indictment, under Federal

23    Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not

24    reasonably available.

25          iii. Defendant consents under Section 15002(b) of the

26    CARES Act to proceed with his change of plea hearing by VTC or

27    telephone, if VTC is not reasonably available.

28

iv.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

v.    Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

1.    Defendant understands that the government obtained additional material in this investigation that defendant has not been shown.  In exchange for the government's obligations under this agreement, defendant gives up any right he may have had to review the additional material, regardless of whether it is arguably exculpatory or inculpatory.  The government agrees not to use at sentencing any of the withheld material without providing it to defendant.

3.    Defendant further agrees to cooperate fully with the USAO, the Federal Bureau of Investigation, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.    Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.    Attend all meetings, grand jury sessions, trials, or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4

1    4.   For purposes of this agreement: (1) "Cooperation
2 Information" shall mean any statements made, or documents, records,
3 tangible evidence, or other information provided, by defendant
4 pursuant to defendant's cooperation under this agreement; and
5 (2) "Plea Information" shall mean any statements made by defendant,
6 under oath, at the guilty plea hearing and the agreed-to factual
7 basis statement in this agreement.

8                          THE USAO'S OBLIGATIONS
9    5.   The USAO agrees to:
10        a.   Not contest facts agreed to in this agreement.
11        b.   Abide by all agreements regarding sentencing contained
12 in this agreement.
13        c.   At the time of sentencing, provided that defendant
14 demonstrates an acceptance of responsibility for the offense up to
15 and including the time of sentencing, recommend a two-level reduction
16 in the applicable Sentencing Guidelines offense level, pursuant to
17 USSG § 3E1.1, and recommend and, if necessary, move for an additional
18 one-level reduction if available under that section.
19        d.   Except for criminal tax violations (including
20 conspiracy to commit such violations chargeable under 18 U.S.C.
21 § 371), not further criminally prosecute defendant for violations of
22 Title 18, United States Code, Sections 1341, 1343, 1346, 1956, and
23 1957 arising out of defendant's conduct described in the agreed-to
24 factual basis set forth in paragraph 16 below.  Defendant understands
25 that the USAO is free to criminally prosecute defendant for any other
26 unlawful past conduct or any unlawful conduct that occurs after the
27 date of this agreement.  Defendant agrees that at the time of
28 sentencing the Court may consider the uncharged conduct in

1  determining the applicable Sentencing Guidelines range, the propriety
2  and extent of any departure from that range, and the sentence to be
3  imposed after consideration of the Sentencing Guidelines and all
4  other relevant factors under 18 U.S.C. § 3553(a).

5       e.   Recommend that defendant be sentenced to a term of
6  imprisonment no higher than the low end of the applicable Sentencing
7  Guidelines range, provided that the offense level used by the Court
8  to determine that range is 21 or higher.  For purposes of this
9  agreement, the low end of the Sentencing Guidelines range is that
10  defined by the Sentencing Table in USSG Chapter 5, Part A.

11      6.   The USAO further agrees:

12       a.   Not to offer as evidence in its case-in-chief in the
13  above-captioned case or any other criminal prosecution that may be
14  brought against defendant by the USAO, or in connection with any
15  sentencing proceeding in any criminal case that may be brought
16  against defendant by the USAO, any Cooperation Information.
17  Defendant agrees, however, that the USAO may use both Cooperation
18  Information and Plea Information: (1) to obtain and pursue leads to
19  other evidence, which evidence may be used for any purpose, including
20  any criminal prosecution of defendant; (2) to cross-examine defendant
21  should defendant testify, or to rebut any evidence offered, or
22  argument or representation made, by defendant, defendant's counsel,
23  or a witness called by defendant in any trial, sentencing hearing, or
24  other court proceeding; and (3) in any criminal prosecution of
25  defendant for false statement, obstruction of justice, or perjury.

26       b.   Not to use Cooperation Information against defendant
27  at sentencing for the purpose of determining the applicable guideline
28  range, including the appropriateness of an upward departure, or the

6

sentence to be imposed, and to recommend to the Court that
Cooperation Information not be used in determining the applicable
guideline range or the sentence to be imposed.  Defendant
understands, however, that Cooperation Information will be disclosed
to the United States Probation and Pretrial Services Office and the
Court, and that the Court may use Cooperation Information for the
purposes set forth in USSG § 1B1.8(b) and for determining the
sentence to be imposed.

       c.   In connection with defendant's sentencing, to bring to
the Court's attention the nature and extent of defendant's
cooperation.

       d.   If the USAO determines, in its exclusive judgment,
that defendant has both complied with defendant's obligations under
paragraphs 2 and 3 above and provided substantial assistance to law
enforcement in the prosecution or investigation of another
("substantial assistance"), to move the Court pursuant to USSG
§ 5K1.1 to fix an offense level and corresponding guideline range
below that otherwise dictated by the sentencing guidelines, and to
recommend a term of imprisonment within this reduced range.

DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

    7.   Defendant understands the following:

       a.   Any knowingly false or misleading statement by
defendant will subject defendant to prosecution for false statement,
obstruction of justice, and perjury and will constitute a breach by
defendant of this agreement.

       b.   Nothing in this agreement requires the USAO or any
other prosecuting, enforcement, administrative, or regulatory

1  authority to accept any cooperation or assistance that defendant may
2  offer, or to use it in any particular way.

3          c.    Defendant cannot withdraw defendant's guilty plea if
4  the USAO does not make a motion pursuant to USSG § 5K1.1 for a
5  reduced guideline range or if the USAO makes such a motion and the
6  Court does not grant it or if the Court grants such a USAO motion but
7  elects to sentence above the reduced range.

8          d.    At this time, the USAO makes no agreement or
9  representation as to whether any cooperation that defendant has
10 provided or intends to provide constitutes or will constitute
11 substantial assistance.  The decision whether defendant has provided
12 substantial assistance will rest solely within the exclusive judgment
13 of the USAO.

14         e.    The USAO's determination whether defendant has
15 provided substantial assistance will not depend in any way on whether
16 the government prevails at any trial or court hearing in which
17 defendant testifies or in which the government otherwise presents
18 information resulting from defendant's cooperation.

19                          NATURE OF THE OFFENSE

20      8.    Defendant understands that for defendant to be guilty of
21 the crime charged in the single-count information, that is,
22 conspiracy to commit honest services wire fraud, in violation of 18
23 U.S.C. § 371, the following must be true: (1) there was an agreement
24 between two or more persons to commit the crime of honest services
25 wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; (2) defendant
26 became a member of the conspiracy knowing of its object and intending
27 to accomplish it; and (3) one of the members of the conspiracy
28

                                    8

1   performed at least one overt act for the purpose of carrying out the
2   conspiracy.

3        9.   Defendant understands that for defendant to be guilty of
4   honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and
5   1346, the following must be true: (1) defendant devised or knowingly
6   participated in a scheme or plan to deprive his victim, HCT
7   Packaging, Inc. ("HCT"), of its right of honest services; (2) the
8   scheme or plan consisted of a bribe or kickback in exchange for
9   defendant's services.  The "exchange" may be express or may be
10  implied from all the surrounding circumstances; (3) defendant owed a
11  fiduciary duty to HCT; (4) defendant acted with the intent to defraud
12  by depriving HCT of its right of honest services; (5) defendant's act
13  was material; that is, it had a natural tendency to influence, or was
14  capable of influencing, an entity's acts; and (6) defendant used, or
15  caused someone to use, an interstate or foreign wire communication to
16  carry out or to attempt to carry out the scheme or plan.

17  PENALTIES AND RESTITUTION

18       10.   Defendant understands that the statutory maximum sentence
19  that the Court can impose for a violation of 18 U.S.C. § 371, where
20  the object of the conspiracy is a violation of 18 U.S.C. §§ 1343 and
21  1346, is: five years' imprisonment; a three-year period of supervised
22  release; a fine of $250,000 or twice the gross gain or gross loss
23  resulting from the offense, whichever is greatest; and a mandatory
24  special assessment of $100.

25       11.   Defendant understands that defendant will be required to
26  pay full restitution to the victim(s) of the offense to which
27  defendant is pleading guilty.  Defendant agrees that, in return for
28  the USAO's compliance with its obligations under this agreement, the

1  Court may order restitution to persons other than the victim(s) of
2  the offense to which defendant is pleading guilty and in amounts
3  greater than those alleged in the count to which defendant is
4  pleading guilty.  In particular, defendant agrees that the Court may
5  order restitution to any victim of any of the following for any
6  losses suffered by that victim as a result: (a) any relevant conduct,
7  as defined in USSG § 1B1.3, in connection with the offense to which
8  defendant is pleading guilty; and (b) any charges not prosecuted
9  pursuant to this agreement as well as all relevant conduct, as
10 defined in USSG § 1B1.3, in connection with those charges.

11      12.  Defendant agrees that any and all fines and/or restitution
12 ordered by the Court will be due immediately.  The government is not
13 precluded from pursuing, in excess of any payment schedule set by the
14 Court, any and all available remedies by which to satisfy defendant's
15 payment of the full financial obligation, including referral to the
16 Treasury Offset Program.

17      13.  Defendant understands that supervised release is a period
18 of time following imprisonment during which defendant will be subject
19 to various restrictions and requirements.  Defendant understands that
20 if defendant violates one or more of the conditions of any supervised
21 release imposed, defendant may be returned to prison for all or part
22 of the term of supervised release authorized by statute for the
23 offense that resulted in the term of supervised release, which could
24 result in defendant serving a total term of imprisonment greater than
25 the statutory maximum stated above.

26      14.  Defendant understands that, by pleading guilty, defendant
27 may be giving up valuable government benefits and valuable civic
28 rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

    15.  Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

11

1                              FACTUAL BASIS

2          16.  Defendant admits that defendant is, in fact, guilty of the

3   offense to which defendant is agreeing to plead guilty.  Defendant

4   and the USAO agree to the statement of facts provided below and agree

5   that this statement of facts is sufficient to support a plea of

6   guilty to the charge described in this agreement and to establish the

7   Sentencing Guidelines factors set forth in paragraph 18 below but is

8   not meant to be a complete recitation of all facts relevant to the

9   underlying criminal conduct or all facts known to either party that

10  relate to that conduct.

11         Between 2007 and January 2017, defendant worked as a project

12  manager and/or the Senior Director of Development and Manufacturing

13  for HCT Packaging, Inc. ("HCT"), a New Jersey corporation

14  headquartered in Santa Monica, California, where defendant was based.

15  HCT is a subsidiary of HCT Group Holdings Ltd. ("HCT Group"), a Hong

16  Kong corporation that also owns subsidiaries in Asia and the United

17  Kingdom.  HCT's business involved overseeing the design, engineering,

18  manufacturing, and logistics of cosmetics components, such as

19  compacts and blush applicators, for clients in the cosmetics

20  industry.

21         During the time of defendant's employment at HCT, when

22  overseeing the manufacture of a cosmetics component requested by a

23  customer, HCT would submit design specifications for that component

24  to prospective manufacturers together with a request for a price

25  quote.  In selecting a manufacturer, HCT relied not just on the

26  quoted price, but also on factors such as capability, access, and

27  manufacturing capacity.  Because of these considerations, HCT

28

preferred manufacturers that were either owned or controlled by HCT Group.

Beginning on September 20, 2010, and continuing until his departure from HCT in January 2017, in Los Angeles County, within the Central District of California, defendant conspired with his immediate supervisor at HCT, Nicholas Gardner ("Gardner"), to commit the crime of wire fraud involving deprivation of honest services, in violation of 18 U.S.C. §§ 1343 and 1346. Defendant and Gardner carried out the object of their conspiracy, in substance, as follows:

Instead of selecting manufacturers based solely on criteria that would advance HCT's interests, defendant and Gardner directed HCT's business to manufacturers, as well as companies that posed as manufacturers, that paid kickbacks to defendant and Gardner (the "kickback-paying companies"). Defendant and Gardner's actions deprived HCT of their honest services and were also explicitly contrary to HCT's stated policy that employees "not accept money or benefits of any kind for any advice or services [they] may provide to a supplier in connection with its business with the corporation." Defendant and Gardner received the kickback payments from the kickback-paying companies at bank accounts in their names that they opened in foreign countries in order to conceal their scheme. Defendant also does not contest that, in addition, Gardner would create business entities, including "Cognisant Limited," a Hong Kong company, which he used to send invoices to the kickback-paying companies to solicit kickbacks while describing those kickbacks in terms that would make them appear to be valid business expenses.

In furtherance of the conspiracy and to accomplish its object, defendant and Gardner committed the following overt acts within the

13

Central District of California: First, on September 20, 2010, defendant and Gardner opened bank accounts in their names at the Lyndhurst Terrace Branch of HSBC Hong Kong (the "HSBC accounts"). Second, on September 21, 2011, defendant and Gardner each deposited approximately $13,064 in kickback payments that they had received from the kickback-paying companies into the HSBC Accounts. Third, on August 29, 2013, in an electronic text communication, Gardner sent defendant an electronic text message referencing defendant's deposit of $120,000 in kickback funds "in the bank." Fourth, on September 9, 2014, defendant downloaded onto an HCT-issued digital device a copy of a spreadsheet titled "Special Items," which recorded kickback payments made to defendant and Gardner, providing details for each kickback such as the HCT customer, product, and order date related to that kickback. Finally, on June 25, 2015, defendant sent an email, copying Gardner, from Los Angeles to Michael Shi, a representative of one of the kickback-paying companies, Fortune Packaging, located in China, instructing Shi to fill out applications for work to be done for an HCT customer so that the customer would approve the work to be conducted by the kickback-paying company. The email was a foreign wire communication.

The total amount of kickbacks defendant and Gardner collectively received through their participation in the conspiracy exceeded $3.5 million, a figure that was reasonably foreseeable to defendant through his jointly undertaken activity with Gardner, who was defendant's supervisor and with respect to whom defendant occupied a subordinate role within the scheme.

14

## SENTENCING FACTORS

17.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

18.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | [USSG § 2B4.1(a)] |
| Loss Between $3.5 Million and $9.5 Million | +18 | [USSG § 2B4.1(b)(1)(B)] [USSG § 2B1.1(b)(1)(J)] |
| Minor Role | -2 | [USSG § 3B1.2(b)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

19.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

22.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's conviction on the offense to which defendant is
2  pleading guilty.  Defendant understands that this waiver includes,
3  but is not limited to, arguments that the statutes to which defendant
4  is pleading guilty are unconstitutional, and any and all claims that
5  the statement of facts provided herein is insufficient to support
6  defendant's plea of guilty.

7                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8       23.  Defendant agrees that, provided the Court imposes a term of
9  imprisonment within or below the range corresponding to an offense
10 level of 21 and the criminal history category calculated by the
11 Court, defendant gives up the right to appeal all of the following:
12 (a) the procedures and calculations used to determine and impose any
13 portion of the sentence; (b) the term of imprisonment imposed by the
14 Court; (c) the fine imposed by the Court, provided it is within the
15 statutory maximum; (d) to the extent permitted by law, the
16 constitutionality or legality of defendant's sentence, provided it is
17 within the statutory maximum; (e) the term of probation or supervised
18 release imposed by the Court, provided it is within the statutory
19 maximum; and (f) any of the following conditions of probation or
20 supervised release imposed by the Court: the conditions set forth in
21 General Order 18-10 of this Court; and the drug testing conditions
22 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

23      24.  The USAO agrees that, provided (a) all portions of the
24 sentence are at or below the statutory maximum specified above and
25 (b) the Court imposes a term of imprisonment within or above the
26 range corresponding to an offense level of 21 and the criminal
27 history category calculated by the Court, the USAO gives up its right

28

                                    17

to appeal any portion of the sentence, with the exception that the

USAO reserves the right to appeal the amount of restitution ordered.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

25.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then: (a) the USAO will be relieved of all of its
obligations under this agreement, including in particular its
obligations regarding the use of Cooperation Information; (b) in any
investigation, criminal prosecution, or civil, administrative, or
regulatory action, defendant agrees that any Cooperation Information
and any evidence derived from any Cooperation Information shall be
admissible against defendant, and defendant will not assert, and
hereby waives and gives up, any claim under the United States
Constitution, any statute, or any federal rule, that any Cooperation
Information or any evidence derived from any Cooperation Information
should be suppressed or is inadmissible; and (c) should the USAO
choose to pursue any charge that was either dismissed or not filed as
a result of this agreement, then: (i) any applicable statute of
limitations will be tolled between the date of defendant's signing of
this agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

18

1            <u>RESULT OF VACATUR, REVERSAL, OR SET-ASIDE</u>

2       Defendant agrees that if the count of conviction is vacated,

3 reversed, or set aside, both the USAO and defendant will be released

4 from all their obligations under this agreement.

5              <u>EFFECTIVE DATE OF AGREEMENT</u>

6       26.  This agreement is effective upon signature and execution of

7 all required certifications by defendant, defendant's counsel, and an

8 Assistant United States Attorney.

9                <u>BREACH OF AGREEMENT</u>

10       27.  Defendant agrees that if defendant, at any time after the

11 effective date of this agreement, knowingly violates or fails to

12 perform any of defendant's obligations under this agreement ("a

13 breach"), the USAO may declare this agreement breached.  For example,

14 if defendant knowingly, in an interview, before a grand jury, or at

15 trial, falsely accuses another person of criminal conduct or falsely

16 minimizes defendant's own role, or the role of another, in criminal

17 conduct, defendant will have breached this agreement.  All of

18 defendant's obligations are material, a single breach of this

19 agreement is sufficient for the USAO to declare a breach, and

20 defendant shall not be deemed to have cured a breach without the

21 express agreement of the USAO in writing.  If the USAO declares this

22 agreement breached, and the Court finds such a breach to have

23 occurred, then:

24           a.  If defendant has previously entered a guilty plea

25 pursuant to this agreement, defendant will not be able to withdraw

26 the guilty plea.

27           b.  The USAO will be relieved of all its obligations under

28 this agreement; in particular, the USAO: (i) will no longer be bound

by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated not to criminally prosecute pursuant to this agreement; and (iii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

       c.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

       d.   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any

Cooperation Information or any Plea Information should be suppressed or is inadmissible.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court; (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence; and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

21

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2         33.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    NICOLA T. HANNA
     United States Attorney
9

10   _____        June 15, 2020
     ALEXANDER B. SCHWAB                  Date
11   ALEXANDER C.K. WYMAN
     Assistant United States Attorneys
12
                                         6/12/2020
13   _____        Date
     DERRICK YISHIN CHANG
14   Defendant

15   _____        6/12/2020
     JAMES SPERTUS                        Date
     Attorney for Defendant
16   DERRICK YISHIN CHANG

17

18

19

20

21

22

23

24

25

26

27

28

                           23

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          **6/12/2020**
DERRICK YISHIN CHANG                      Date
Defendant

1                    CERTIFICATION OF DEFENDANT'S ATTORNEY

2        I am DERRICK YISHIN CHANG's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of his rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is informed and voluntary; and the factual basis set forth

14  in this agreement is sufficient to support my client's entry of a

15  guilty plea pursuant to this agreement.

16

17  JAMES SPERTUS                              June 12, 2020
    Attorney for Defendant                     Date
18  DERRICK YISHIN CHANG

19

20

21

22

23

24

25

26

27

28

                                    25